ORFINGER, Chief Judge.
Defendant appeals from a judgment of conviction for grand theft. The record forwarded to this court does not contain a transcript of the trial proceedings. Defendant is represented by private counsel. The issues raised on appeal require a review of the trial transcript, so on August 12, 1983, we granted the state’s motion, agreed to by defendant, that defendant be required to supplement the record by the addition of the trial transcript, and we ordered the record supplemented within thirty (30) days. On October 25, 1983, in response to the state’s motion to dismiss, we ordered defendant to show cause within ten (10) days why the appeal should not be dismissed for failure to comply with the earlier order of this court.
No response has been filed. Instead, counsel for defendant moves the court for leave to withdraw, citing lack of client cooperation as a ground for the request. The motion appears well taken.
*398 We cannot review issues on appeal which raise alleged trial errors without a transcript of the trial proceedings. Apparently, defendant here declines to furnish us with such transcript notwithstanding the opportunity afforded him to supply it. Under the circumstances, we are governed by the principle of law which imparts a presumption of correctness to the trial court’s judgment. For a similar result in a civil appeal, see Mikes v. Mikes, 440 So.2d 616 (Fla. 4th DCA 1983).
The motion of Ronald W. Black, Esquire for leave to withdraw is granted, and the judgment appealed from is
AFFIRMED
DAUKSCH and COWART, JJ., concur.